UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FLORIDA, PUERTO RICO, AND U.S.
VIRGIN ISLANDS 2016 AND 2017 HURRICANE
SEASONS FLOOD CLAIMS LITIGATION                                  MDL No. 2844


ORDER DENYING TRANSFER


**Before the Panel:** Plaintiffs in three actions pending in the Middle District of Florida move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Florida. The motion involves nine actions pending in the Middle District of Florida and one action pending in the Northern District of Florida, as listed on Schedule A.[1] The parties have notified the Panel of 49 additional actions involving related issues.

Plaintiffs in two tag-along actions pending in the Middle District of Florida support centralization.[2] Plaintiff in another Middle District of Florida tag-along opposes centralization. All responding defendants also oppose centralization.[3]

On the basis of the papers filed and the hearing session held, we deny plaintiffs' motion. These actions possess only a superficial factual commonality – all plaintiffs allege that they suffered property damage as a result of one or another of several hurricanes, and that their respective insurance companies breached the terms of plaintiffs' policies by settling plaintiffs' claims for amounts lower than the losses actually sustained. Each case necessarily involves a different property, different insureds, different witnesses, different proofs of loss, and different damages. The

---

[1] As filed, the Section 1407 motion encompassed twelve actions, but two have since been settled and dismissed.

[2] In addition, Hernando A. Cruz, a Puerto Rico-licensed insurance adjuster and president of Sunstar Claim Adjusters, Inc., submitted an *amicus* brief in support of centralization.

[3] These defendants are Allstate Insurance Company, American Bankers Insurance Company of Florida, American Strategic Insurance Corporation, Federated National Insurance Company, First Community Insurance Company, First Protective Insurance Company, Foremost Insurance Company, two Hartford entities (Hartford Insurance Company of the Midwest and Hartford Fire Insurance Company), two Nationwide entities (Nationwide Mutual Insurance Company and Nationwide Mutual Fire Insurance Company), Tower Hill Preferred Insurance Company, Tower Hill Prime Insurance Company, and Wright National Flood Insurance Company, as well as William B. Long, in his capacity as administrator of the Federal Emergency Management Agency.

very nature of the cases ensures that unique issues concerning each plaintiff's loss, claim, investigation, and claim handling will predominate, and will overwhelm any efficiencies that centralization might achieve.

The widely varying procedural posture of the cases further weighs against centralization. In four of the ten actions, discovery has either been completed or is scheduled to be completed by early July. The ostensibly related actions, too, are not all newly-filed cases. Eighteen of them were commenced in 2017. And thirteen others have been either dismissed via settlement or otherwise resolved, as have two of the original twelve constituent actions.[4]

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry

---

[4] These dismissals lend support to responding defendants' contention that very few of these cases are litigated through trial or require substantial judicial involvement. *See In re: Brandywine Commc'ns Tech., LLC Patent Litig.*, 959 F. Supp. 2d 1377, 1378 (J.P.M.L. 2013) (denying centralization because, *inter alia*, the subject actions were "being litigated in a manner that is likely to lead to their resolution, whether through settlement or other means, within a relatively short period of time").

**IN RE: FLORIDA, PUERTO RICO, AND U.S.
VIRGIN ISLANDS 2016 AND 2017 HURRICANE
SEASONS FLOOD CLAIMS LITIGATION**  MDL No. 2844

## SCHEDULE A

<u>Middle District of Florida</u>

NETKA v. FIRST COMMUNITY INSURANCE COMPANY, C.A. No. 3:18-00180
BATISTA, ET AL. v. ALLSTATE INSURANCE COMPANY, C.A. No. 8:17-02081
GUARDIOLA, ET AL. v. AMERICAN BANKERS INSURANCE COMPANY OF
 FLORIDA, C.A. No. 8:17-02208
AUNER, ET AL. v. TOWER HILL PREFERRED INSURANCE COMPANY,
 C.A. No. 8:17-02209
GUARDIOLA, ET AL. v. AMERICAN STRATEGIC INSURANCE,
 C.A. No. 8:17-02211
WASSEN, ET AL. v. ALLSTATE INSURANCE COMPANY, C.A. No. 8:17-02213
SAMUELSON, ET AL. v. TOWER HILL PREFERRED INSURANCE COMPANY,
 C.A. No. 8:17-02214
SHELDON, ET AL. v. TOWER HILL PREFERRED INSURANCE COMPANY,
 C.A. No. 8:17-02215
CONNERS v. TOWER HILL PRIME INSURANCE COMPANY, C.A. No. 8:17-02937

<u>Northern District of Florida</u>

PATE v. ALLSTATE INSURANCE COMPANY, C.A. No. 1:17-00238